RANKIN *v.* MILLS NOVELTY COMPANY.

Opinion delivered October 27, 1930.

*Ben F. Reinberger,* for appellant.

*June P. Wooten,* for appellee.

BUTLER, J. The appellee is a manufacturer of candied mints and other confections. Appellee also manufactures and leases an automatic vending machine to dealers throughout the country. The mints manufactured by the appellee are designated as "Home Runs," which identifies the mints with the machine called "The Baseball Mint Vender." The machine has across its front a picture of a baseball field with bases and players thereon. The amusement feature consists of three metal discs or reels upon the outer surface of which appear bright colored pictures of baseball players, baseballs, etc., in various combinations, so arranged that when the reels are spun they cause a flare of rapidly moving contrasting colors which attract and interest the attention of the passing public to the machine. The mechanism of the machine is so arranged that a symbolic game of baseball may be played thereon by the operator. The opera-

tor deposits a nickel in the machine. He receives in return therefor a standard package of mints, together with a varying number of slugs—from two to twenty. These slugs may then be used by the operator to start the machine in motion for the purpose of playing the game of baseball. The slugs received have no value except for playing the game of baseball on the machine; they cannot be used to play the machine again for candied mints. When a patron makes a "base hit," the machine issues a metal or playing disc so that the game may be continued until he completes the inning or the game.

Appellee had arranged with several dealers to lease the machines and was preparing to install them in Pulaski County when the appellant, who is a peace officer, advised that he would seize and confiscate all of the machines upon their being installed, and would arrest all persons who set them up in their places of business. Appellee thereupon instituted this action wherein it sought to enjoin the appellant from interfering with its business. The complaint set forth in detail the manner of operating the machine.

In order to constitute a gaming device under the statute, it must be one that is adapted or designed for the purpose of playing any game of chance or *at which any money or property may be won or lost,* and any one who shall bet any money or other valuable thing, or *"any representative of any thing that is esteemed of value,"* is guilty under § 2634 of Crawford & Moses' Digest of betting on a gambling device. By § 2640 of the same chapter of the Digest gambling is defined as the betting of any money or any valuable thing on any game of hazard or skill. It is clear from these sections and the entire chapter on gaming that the word "property" as used in § 2630 and the words "valuable thing" mentioned in other sections are used synonymously, and that any valuable thing or "any representative of any thing that is esteemed of value" is "property" within the meaning of § 2630, *supra.* The machine in question is one which always gives

in exchange for a nickel a package of mints, and in addition to the mints a number of "slugs" in varying amounts from two to twenty with which a game may be played, there being an element of chance in the number of slugs obtained for a nickel. Is the right to play a game obtained in the above manner "property" or a "thing of value" within the meaning of our statute prohibiting the setting up of gambling devices and gambling? We think it is. It is a matter of common knowledge that the maintenance of places having no value in themselves but which are used for amusement only are among the most remunerative kinds of property, such as miniature golf courses and other like means of amusement, and any thing that contributes to the amusement of the public is a thing of value. The machine under consideration is attractive to children, and the fact that they may sometimes secure the right to play an attractive game—the opportunity varying with the number of slugs first received and upon "base hits" made—induces them to spend their nickels, not for the mints but for the possibility of the game, and is gambling within the meaning of our statute. We therefore conclude that the trial court erred and that its decree should be reversed with directions to dismiss the plaintiff's complaint. It is so ordered.