HOWELL *v.* STATE.

Opinion delivered July 6, 1931.

*Cravens & Cravens,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

KIRBY, J. Upon information filed in the Fort Smith municipal court a slot machine, known as a "Mills Mint Vending Machine," was seized as a gambling device, and upon a hearing H. C. Howell, one of the proprietors of the Hattaway Drug Company's stores where the machine was being operated, filed an intervention claiming that he was the owner of the machine and prayed that it be returned to him.

The intervention was denied, and an appeal was taken to the circuit court, where, upon trial, the mint vending machine was held to be a gambling device and subject to seizure as such, and the intervention of appellant was denied accordingly, from which judgment this appeal is prosecuted.

The undisputed testimony shows the machine was operated as a mint vending machine, and upon the deposit of a nickel in the slot and the pulling of the operating lever it uniformly released one package of mints of the usual value of 5c, never more or less, and when the container was empty, the machine automatically returned the nickel to the player.

Upon depositing a nickel in the slot and a lever being pulled, reels are caused to revolve displaying pictures of fruit and bells; and at irregular intervals, in addition to the mints delivered, brass tokens or slugs, which can be played back into the machine, are delivered in number from 2 to 20, the machine not releasing a package of mints when a token is put into the slot, but the reels do spin showing the pictures of the fruits, etc.

The contract between the owner of the machine and the operator recites that the tokens would not be used as trade checks for any purpose other than the playing of the machine when delivered. The machine upon being operated by a nickel put into the slot, not only delivered a 5c package of mints upon the lever being pulled, but also displayed on the reels the "fortune" of the player or wise sayings or maxims. The fortune telling feature was removed from the machine by the owner or operator upon advice of counsel that it would not be considered a gambling device after this was done before it was set up and operated. The machine as operated only delivered a nickel package of mints and the tokens on uncertain and irregular occasions, and although the tokens upon being put back into the machine operated it, nothing resulted from such operation except the spinning of the reels with the pictures of the advertisements thereon. No mints

could be delivered except by playing the machine with a nickel deposited in the slot.

In *Rankin* v. *Mills Novelty Co.*, 182 Ark. 561, 32 S. W. (2d) 161, this court held that a mint vending machine of like kind as the one exhibited herein, except that the tokens delivered at irregular intervals with the mints could be put back into the machine, enabling the player to play a game of "symbolic baseball," was a gambling device, the operation of which was prohibited by statute. It was there said: "In order to constitute a gaming device under the statute, it must be one that is adapted or designed for the purpose of playing any game of chance or at which any money or property may be won or lost, and any one who shall bet any money or other valuable thing, or 'any representative of any thing that is esteemed of value,' is guilty under § 2634 of Crawford & Moses' Digest of betting on a gambling device. By § 2640 of the same chapter of the Digest, gambling is defined as the betting of any money or any valuable thing on any game of hazard or skill. It is clear from these sections and the entire chapter on gaming that the word 'property' as used in § 2630 and words 'valuable thing' mentioned in other sections are used synonymously, and that any valuable thing or 'any representative of any thing that is esteemed of value' is 'property' within the meaning of § 2630, *supra*."

In 27 C. J. 989, in describing rules formulated by courts for determining when a slot machine is a gambling device, it is said: "But one which seems to have been accepted very generally is that, where one who plays a slot machine stands to win or lose money, trade, or checks, by hazard of chance, the machine is a gambling device. The machine is a gambling device where its operation is such that, although the player in any event will receive something, he stands a chance to win something in addition." See also *State* v. *Marvin*, 233 N. W. (Iowa) 486; *Harvie* v. *Heise*, 150 S. C. 277, 148 S. E. 66; *Moberly* v. *Deskin*, 169 Mo. App. 672, 155 S. W. 842.

The machine is usually held to be a gambling device where its operation is such that, although the player in any event will receive something, ''he stands a chance to win something in addition.''

The majority is of opinion that since, by the operation of the machine, the player stands a chance to win something in addition to the package of mints sold and delivered him at the regular price by the delivery at irregular intervals of the tokens, which may be played back into the machine, causing the machine to operate and the pictures to be exhibited thereon, that they are included in the expression in the statute ''any representative of anything that is esteemed of value,'' and that the machine as operated is a gambling device within the meaning of the statute, as construed in *Rankin* v. *Mills Novelty Co.*, *supra*.

The judgment is accordingly affirmed.