STEED *v.* STATE.

Crim. 3889

Opinion delivered June 11, 1934.

Reinberger & Reinberger and E. D. Dupree, Jr., for appellant.

Hal L. Norwood, Attorney General, and Robert F. Smith, Assistant, for appellee.

HUMPHREYS, J.   Search warrants were issued by the circuit judge of Jefferson County under § 2637 of Crawford & Moses' Digest on information that gambling devices commonly called slot or marble machines were kept contrary to law in a cigar store operated by S. A. Rosenberg and in a sandwich shop operated by Jerome Weaver in Pine Bluff.   The sheriff executed the writs by taking into his custody certain slot marble machines which were being used at both places.   The two causes were consolidated by order of court, and appellant herein, the owner of the machines, intervened, alleging that they were manufactured and used for the purpose of amusement, and not for the purpose of gambling.

On the hearing of the consolidated causes, the trial court found that the machines were gambling devices and ordered that they be destroyed, from which is this appeal.

The record reflects that the machine seized at the cigar store was used a part of the time by the patrons for gambling and at other times for amusement only; that the machine seized at the standwich shop had been used by the patrons for gambling until notice had been given by the circuit judge that marble slot machines would be confiscated, and that then it was used for the purpose of amusement only; that the machines are so constructed that by putting a nickel in the slot ten marbles are released and are brought into play one at a

time by pulling a lever on the side, and then by pulling another lever each marble is shot out to a large board containing holes which are numbered, into which the marbles drop; that the patron getting the largest score wins the game and the prize.

Section 2637 of Crawford & Moses' Digest, under which the machines were seized, provides for the destruction of gambling devices, which § 2630 of Crawford & Moses' Digest makes it unlawful to keep and exhibit. Said § 2630 is as follows:

"Every person who shall set up, keep or exhibit any gaming table or gambling device, commonly called A. B. C., E. O., roulette, *rouge et noir*, or any faro bank, or any other gaming table or gambling device, or bank of the like or similar kind, or of any other description although not herein named, be the name or denomination what it may, adapted, devised or designed for the purpose of playing any game of chance or at which any money or property may be won or lost, shall be deemed guilty of a misdemeanor, and on conviction thereof shall be fined in any sum not less than one hundred dollars, and may be imprisoned any length of time not less than thirty days nor more than one year."

Appellant contends that the marble slot machines owned by him and seized in these actions are not gambling devices inhibited by § 2630 of Crawford & Moses' Digest, and that the order for their destruction should be reversed. The description of these slot machines make them gambling devices *per se* under the construction placed upon said § 2630 in the case of *Howell* v. *State*, 184 Ark. 109, 40 S. W. (2d) 782, and cases cited therein. We might add that they are gambling devices *per se* because the only reasonable and profitable use to which they may be put is use in a game of chance.

No error appearing, the judgment is affirmed.