STANLEY. *v.* STATE.

Criminal 4044

Opinion delivered July 12, 1937.

*Linwood L. Brickhouse,* for appellant.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

McHANEY, J. This action was instituted by the State through her prosecuting attorney for the seizure of a certain gambling device in the form of an electric baseball marble slot machine operated in a barber shop in the city of Little Rock. A search warrant was issued and the machine seized. Appellant intervened claiming to be the owner, and that it was operated for the purpose of amusement and not for gambling. He prayed that it be returned to him.

The facts are stipulated, as follows: ''That S. L. Stanley, is the owner of a coin-operated novelty baseball game entitled 'Home Run.' That said game is played by placing a five-cent coin in a slot, which permits the pushing of a plunger, thereby releasing five steel balls for play in said machine. By pushing a lever on the lower right-hand side of the machine, one ball is placed in position in front of a plunger. The player draws a plunger back and when he releases same, it strikes the steel ball which goes out upon the baseball diamond or field of the game, in which are set twelve posts with coil springs, within each of which is an electric contact wire. These posts are called bumper springs. At the rear of the playing field is an electric score board upon which all bases, runs and 'outs' are indicated. Upon each play, a light on the score board designates the result earned thereby. In the event the steel ball

strikes one of the bumper springs in such fashion as to cause the ball to be directed to a base-hit compartment, the player is in position to score one or more runs. Three of the bumper springs, which are guarded, give the player an extra run if contacted by the steel ball. Players may earn no runs or scores if the steel balls contact points designated as 'out.' The player making the greatest number of runs wins the game.

"The attached sheet and advertisement furnished by the manufacturer of the game is a replica of the machine and is accurate as to its description and operation. No prize or premium of any kind is offered to the player by the intervener, his agents, employees or his operators for obtaining any designated result upon the machine. The game may be played for the entertainment of the player without the offer of a prize or reward for any particular result obtained in its operation. However, it is susceptible to use as a gambling device in the same manner as any other similar marble machine. That the novelty appeal of 'Home Run' is different from other marble machine games, but its operation is fundamentally the same as others.

"In order to make the operation of the machines profitable as a device for entertainment, they are left in one location for approximately three weeks, at which time they are removed to other locations, and in their places other machines of different design are substituted. The machines are thus rotated until all of those owned by the operator have lost their appeal, at which time they are removed from the particular city in which they are operated.

"That in order to meet the demand for new types of games, the manufacturers are putting on the market an average of two new or varied types of marble machines each week.

"The intervener, as owner and operator of the said game known as 'Home Run,' has installed same in the barber shop of the Rector Building at Third and Spring streets in Little Rock, and same was by invitation and permission of the intervener, operated by various cus-

tomers of said barber shop, including Dr. S. G. Boyce, Mr. Weathersby, Mr. Breashers, Mr. Pechoski, and Mr. McDougal. Each of those persons and others operated said machine by depositing five cents in the slot thereof.''

We think this case is ruled by *Steed* v. *State,* 189 Ark. 389. 72 S. W. (2d) 542, where it was held that a marble machine is a gambling device *per se.* We there said: ''Appellant contends that the marble slot machines owned by him and seized in these actions are not gambling devices inhibited by § 2630 of Crawford & Moses' Digest, and that the order for their destruction should be reversed. The description of these slot machines make them gambling devices *per se* under the construction placed upon said § 2630 in the case of *Howell* v. *State,* 184 Ark. 109, 40 S. W. (2d) 782, and cases cited therein. We might add that they are gambling devices *per se* because the only reasonable and profitable use to which they may be put is use in a game of chance.''

Here, we are asked to modify that holding which we decline to do. The stipulation that, ''it is susceptible to use as a gambling device in the same manner as any other similar marble machine'' brings it within the Steed case which we reaffirm.

The judgment is accordingly affirmed.