BELL AND SWAN *v.* STATE.

4475                                                                205 S. W. 2d 714

Opinion delivered November 17, 1947.

*E. J. Butler* and *Mann & McCulloch,* for appellants.

*Guy E. Williams,* Attorney General; *Oscar E. Ellis,* Assistant Attorney General and *J. H. Moody,* for appellee.

---

ROBINS, J. Appellants ask us to reverse the circuit court's judgment by which it was ordered that seven slot machines belonging to appellant Swan and 20 slot machines belonging to appellant Bell be destroyed.

It is conceded that all these slot machines were gambling devices. Some of them, when seized, contained coins, showing they had been in actual use. No question is raised as to the validity of the search warrants under which they were seized by the sheriff. The slot machines owned by Swan were found in his warehouse. Bell's slot machines were seized in a room at the rear of Hopper's barber shop.

The sole contention of appellants is that since the slot machines were not actually set up, so as to "cater to the public," they were not liable to seizure and destruction.

By § 3320 of Pope's Digest, the setting up, keeping or exhibiting of any gaming table or gambling device is made a misdemeanor, punishable by fine and imprisonment.

Section 3327, Pope's Digest, provides: "It is hereby made and declared to be the duty and required of the judges of the Supreme Court, the judges of the circuit courts and of the justices of the peace, on information given or on their own knowledge, or where they have reasonable ground to suspect, that they issue their warrant to some peace officer, directing in such warrant a search for such gaming tables or devices hereinbefore mentioned or referred to, and directing that, on finding any such, they shall be publicly burned by the officer executing the warrant."

The statute does not require that the gaming devices be found set up and ready to operate before they may be seized and destroyed. By § 3320, *supra,* the *keeping* of these machines is made a misdemeanor, and their possession, at any place in this state, is outlawed.

The validity of the statute invoked here was upheld by this court in the case of *Garland Novelty Company* v. *State*, 71 Ark. 138, 71 S. W. 257; and the right to destroy gaming devices thereunder has been sustained in these cases: *State* v. *Sanders*, 86 Ark. 353, 111 S. W. 454, 19 L. R. A., N. S. 913; *Howell* v. *State*, 184 Ark. 109, 40 S. W. 2d 782; *Steed* v. *State*, 189 Ark. 389, 72 S. W. 2d 542; *Stanley* v. *State*, 194 Ark. 483, 107 S. W. 2d 532; *Albright* v. *Muncrief*, 206 Ark. 319, 176 S. W. 2d 426.

Appellants call our attention to this provision of the constitution of Arkansas (§ 22, Art. II): "The right of property is before and higher than any constitutional sanction; and private property shall not be taken, appropriated or damaged for public use, without just compensation therefor."

It has often been held that the constitutional guaranty of the right of property affords no protection to one who holds property that is dangerous to public health or subversive of public morals.

Answering a contention similar to that made in the instant case by appellants, the Supreme Court of Idaho, in the case of *Mullen* v. *Mosely*, 13 Idaho 457, 90 Pac. 986, 12 L. R. A., N. S. 394, said: "Under the constitution, no man's property may be taken without due process of law; but, when he invokes the protection of this constitutional provision, he must show that he is invoking it for the protection of something that is really property, and falls within the meaning of that term. He is entitled to his day in court when his property rights are invaded, but this guaranty can scarcely be invoked where he seeks his day in court that he may dispute with the officers of the law the right of possession of instrumentalities, tools, and machines contrived and designed as a ready means to be directed against society, and in violation of the laws of the land in the commission of crime."

To the same effect is this holding of the Supreme Court of Illinois in the case of *Frost* v. *People*, 193 Ill. 635, 61 N. E. 1054, 86 Am. St. Rep. 352; "The legislature have determined that gambling implements and

apparatus are pernicious and dangerous to the public welfare, and the keeping of them is an offense prohibited by law. They are therefore not lawful subjects of property, which the law protects, but have ceased to be regarded or treated as property, and are liable to seizure, forfeiture and destruction without violating any constitutional provision.''

These slot machines, along with all other gambling devices, have been declared contraband under the laws of this state, and the lower court properly ordered their destruction.

The judgment appealed from is accordingly affirmed.