THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KENNETH WHITCOMB, Appellant, and WILLIAM J. GREENE, Intervener, Appellant.

Fourth Department, May 12, 1948.

*Gordon Steele, District Attorney of Erie County (Robert S. Lesher* of counsel), for respondent.

*Charles J. McDonough* for appellant and intervener-appellant.

KIMBALL, J. This is an appeal by the defendant Whitcomb and the intervener, Greene, from an order of the Supreme Court, Erie County, which affirmed an order of the City Court of Buffalo, directing the summary destruction of a pinball machine, pursuant to the provisions of section 985 of the Penal Law. The machine was on the premises of Whitcomb. It appears that the intervener was the owner of it. Before this appeal was heard, the District Attorney moved this court to dismiss the appeal on the ground that it does not lie as a matter of right. The decision on this motion was held pending the appeal from the order of the Supreme Court.

The appellant Whitcomb was arrested and charged with violation of paragraphs (a) and (b) of subdivision 1 of section 982 of the Penal Law in that he made an agreement which entitled the player to win replay or free play. Upon the close of the People's case, the City Court of Buffalo dismissed the information and discharged the defendant as it was not shown that there **was**

such an agreement. Thereupon the District Attorney moved for the destruction of the machine under the provisions of said section 985 of the Penal Law, which reads in part: " It shall be' the duty of the trial court, after the disposition of the case, and whether the defendant be convicted, acquitted or fails to appear for trial, to cause the immediate destruction of the machine, apparatus or device.'' The order for destruction was granted but, by stipulation, the execution of the order was stayed pending the appeal.

This type of machine, since the amendment of 1934 to section 982 of the Penal Law, is within the category and definition of " slot machine ". (*People* v. *Raziano,* 268 App. Div. 798.) Gambling is contrary to the public policy of the State and the statute is constitutional. (*International Mutoscope Reel Co.* v. *Valentine,* 247 App. Div. 130, affd. 271 N. Y. 622.) Without doubt, before an order of destruction is made, there should be a determination by the court that the particular machine involved comes within the provisions of the statute. (*Matter of Mapakarakes,* 169 Misc. 766.) This was done here. The machine was in court and was there operated and testimony taken.

There can be no question that the Legislature may prohibit the possession or use of things which are detrimental to the health, welfare, security or morals of the citizens of the State and may, under the police power, direct the summary destruction thereof as being public nuisances. The Constitution of the State of New York (art. I, § 9) provides in part: " No lottery or the sale of lottery tickets, pool-selling, book-making, or any other kind of gambling, except pari-mutuel betting on horse races as may be prescribed by the legislature and from which the state will derive a reasonable revenue for the support of government, shall hereafter be authorized or allowed within this state; and the legislature shall pass appropriate laws to prevent offenses against any of the provisions of this section ".

Property used in gambling may be said to be no property at all so far as the State is concerned. Proprietary rights give way to the common welfare. It was said in *Phelps* v. *Racey* (60 N. Y. 10, 14) " The legislature may pass many laws the effect of which may be to impair or even destroy the right of property. Private interest must yield to the public advantage. All legislative powers, not restrained by express or implied provisions of the Constitution, may be exercised. * * * The measures best adapted to this end are for the legislature to determine, **and courts cannot review its discretion.**" There are many

instances where property may be summarily destroyed without violation of any constitutional rights. (*Policy slips—People* v. *Adams,* 176 N. Y. 351; *illegal fishing nets—Lawton* v. *Steele,* 119 N. Y. 226, affd. 152 U. S. 133.) Section 343-t of article 17-A of the Public Health Law provides for removal and sale of personal property used in connection with a house of prostitution.

There would be no difficulty in affirming the order of the Supreme Court, Erie County, which affirmed the order of destruction, provided the Supreme Court or this court could entertain an appeal from such an order. We do not think that any appeal lies from the order of the City Court of Buffalo. So far as the intervener is concerned, it does not appear from the record before us how, when or by what authority he entered this matter. No order permitting intervention was made nor could any be made in the criminal action against Whitcomb. The criminal action was terminated upon the dismissal of the information and the discharge of the defendant, Whitcomb. This brings us to the point of determining what kind of proceeding it was which was terminated by the order of destruction. In our opinion, it is neither a criminal nor a civil action but, for a better name, simply a proceeding in rem of a civil character. (*Matter of Foote,* 129 Misc. 2; 51 N. Y. St. Dept. Rep. 8.) Neither Whitcomb nor Greene were parties to this proceeding. What remedies the owner might have by way of replevin or otherwise need not be discussed here. If there were a right to appeal it would be a civil appeal. If such right exists, it must be by virtue of some statute giving that right. Due process does not include the right to appeal. The Legislature has made no specific provision for appeal in proceedings of this character. The nature of the mandate which orders immediate destruction indicates that no appeal was intended. Section 985 of the Penal Law is State wide in its application and any right to appeal would necessarily also be State wide. No appeal could be taken from an order of destruction made by justice court for an appeal lies there only from a judgment in a civil action. (Justice Ct. Act, §§ 426, 427.) No greater right to appeal exists by virtue of section 55 of the Buffalo City Charter (L. 1909, ch. 570, as amd.)

" In the case of special statutory tribunals whose proceedings are not according to the course of the common law, no appeal will lie from their judgments and orders unless the right is given by statute." (2 R. C. L., Appeal and Error, § 7.)

" It is a well settled rule in most jurisdictions that where a tribunal exercises a special, limited jurisdiction, conferred by

statute, and in which the procedure is not according to the course of the common law, no appeal or writ of error lies from or to its action therein, unless such appeal is expressly provided by statute." (4 C. J. S., Appeal and Error, § 51.)

The appeal should be dismissed on the ground that the order of the City Court of Buffalo is not appealable.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Appeal dismissed, without costs.