398 P.2d 637

Frank PRENDERGAST, Plaintiff-Respondent,

v.

Robert P. DWYER, Justice Court, County of Shoshone, State of Idaho, Defendant-Appellant.

No. 9445.

Supreme Court of Idaho.

Jan. 29, 1965.

Allan G. Shepard, Atty. Gen., and M. Allyn Dingel, Jr., Asst. Atty. Gen., Boise, for appellant.

**280**

Brown, Peacock & Keane, Kellogg, for respondent.

SMITH, Justice.

Pursuant to stipulation of the parties, the trial court entered an order substituting Robert P. Dwyer as defendant-appellant in this matter in the place of John Hallock, who was justice of the peace of appellate justice court at the time of the commencement of this action.

This appeal presents the issue of the constitutionality of I.C. § 18–3804 as applied to respondent under the facts and circumstances presented in this cause, i. e., whether certain of respondent's personalty alleged to be contraband can be seized summarily and ordered destroyed without notice and hearing.

The appeal is from a judgment in respondent's favor granting a peremptory writ of prohibition permanently restraining appellant justice court from ordering the destruction by the sheriff of Shoshone County of certain devices belonging to respondent which the State of Idaho through the Commissioner of Law Enforcement alleges are gambling devices (I.C. §§ 23–928, 23–933).

I.C. § 18–3804 reads:

"Judge to issue warrant—Seizure of articles.—Whenever any judge or jus-

tice of the peace shall have knowledge or shall receive satisfactory information, that there is any gambling table or gambling device, adopted or devised and designed for the purpose of playing any of the games of chance prohibited in § 18–3801, within his district or county, it shall be his duty to forthwith issue his warrant, directed to the sheriff or constable, to seize and bring before him such gambling table or other device, and cause the same to be publicly destroyed, by burning or otherwise."

An officer of the Department of Law Enforcement on June 12, 1962, filed an affidavit with appellant justice court under the aforesaid statute alleging that at the time of the affidavit there were four gambling machines located in premises known as Wallace Corner in Wallace, Idaho, which devices

"* * * were adapted, devised, designed, and used for the purpose of playing games of chance prohibited by Section 18–3801, Idaho Code, as amended, in manner as follows, to-wit: That the said gambling devices have a counter, totalizer, or some other device connected thereto by electric or other means which enable the player of the gambling device to have the points which he wins on the machine totaled so that a pay-off in free games, money or other forms of consideration is possible."

Affiant stated that two law enforcement officers, naming them (not including the affiant), entered the premises, jointly played the machines and received a sum of money in payment of points totaled on one of them, and received free game points on the other three devices. The prayer of the affidavit in part reads:

"And this Affiant prays that a Warrant of Seizure and Destruction for the said gambling devices be made and entered by this Court, directing the Sheriff of Shoshone County, State of Idaho, to seize and destroy the same, and that the aforesaid machines may be disposed of and destroyed according to law."

Upon the filing of the affidavit, appellant justice court issued its warrant of seizure directed to the Sheriff of Shoshone County, who, in turn, seized the devices and delivered them to appellant.

Sometime during the day of June 12, 1962, appellant issued a notice directed to one John Posnick, or other person or agent in charge of the Wallace Corner business, notifying him that a hearing would be held at 4:00 o'clock, P.M., of that day to determine whether the machines so seized were gambling devices and whether they should be destroyed.

On June 14, 1962, respondent, as owner of the devices, commenced this action in the district court seeking a writ of prohibition to restrain appellant from issuing

an order directing the destruction of the devices and to require appellant to show cause why they should not be restored to respondent. Specifically, respondent alleged that the devices so seized "are not gambling devices as defined under the provisions of 18–3801, Idaho Code". Alternative writ of prohibition was thereupon issued directed to appellant, to which he made answer, denying the material allegations of the complaint.

The trial court upon hearing the cause held I.C. § 18–3804 to be unconstitutional as violative of the due process clause of Idaho's Const., art. I, § 13, in that such section of the statute, as applied to the situation in this cause, provided for summary seizure and destruction of respondent's devices without notice and hearing. The court entered judgment in the form of a peremptory writ of prohibition permanently restraining appellant justice court from proceeding further, and directing that he order the return of the seized devices to respondent. Appellant appealed from such judgment.

Appellant assigns error committed by the trial court in adjudging that I.C. § 18–3804 is unconstitutional and in issuing the peremptory writ of prohibition.

Approaching the question whether I.C. § 18–3804 is unconstitutional by virtue of not affording due process under the facts and circumstances of the case at bar,

we quote from 38 C.J.S. Gaming § 79 c., p. 140, which states certain underlying principles:

"*Summary proceedings.* Under some statutes, the court on proper information may issue a warrant or order for the summary seizure and destruction of apparatus kept and used for gaming purposes, if it is of such a character that it can be put to no legitimate use and that the law will not recognize it as property entitled to its protection under any circumstances; but if they are not of such character, they cannot be destroyed without affording the owner an opportunity to be heard on the subject of their lawful use and to show whether or not they are intrinsically useful or valuable for some lawful purpose.

"*Notice.* Even though controlling statutes do not in express terms require the giving of notice and an opportunity to be heard, the courts require the giving of such notice as is reasonable and likely to convey information of the facts and proposed proceedings to the persons in interest. Where the proceeding for destruction of a gambling device is one in rem, notice to the person or agent in possession of the device is sufficient notice to other persons who may be the actual owners, and the seizure of such machines and proceedings culminating in

an order for their destruction affords adequate notice to the owner and is binding on him."

Annot., 81 A.L.R. 730 (1932), cited by appellant, deals with the unconstitutionality of statutes providing for the destruction of gambling devices. In all the cases to which the annotation refers, the proof appeared to be conclusive that the devices involved were gambling devices and hence contraband, thereby impelling their seizure and destruction. Durant v. Bennett (U.S.D.C., S.C.), 54 F.2d 634 (1931), and State ex rel. Daniel v. Kizer, 164 S.C. 383, 162 S.E. 444, 81 A.L.R. 722 (1932), involved slot machines, in the latter case statutorily defined as gambling devices. Garland Novelty Co. v. State, 71 Ark. 138, 71 S.W. 257 (1902), is to the same effect. Kite v. People, 32 Colo. 5, 74 P. 886 (1903), had to do with a roulette wheel which, the court stated, is "unquestionably used for gambling purposes in violation of the statute" which, inter alia, prohibited the use of any "wheels" kept for the purpose of gambling. Mullen & Co. v. Moseley, 13 Idaho 457, 90 P. 986, 12 L.R.A.,N.S., 394 (1907), involved slot machines which the parties to the action stipulated were "gambling devices and were devised, and are designed and constructed for the sole and only purpose of playing games of chance for money, and are not adapted to any other use or for any other purpose." Frost v. People, 193 Ill. 635, 61 N.E. 1054 (1901), involved poker, crap and faro tables, a roulette table and wheel, and cards and chips, i. e., "apparatus or implements generally used in gambling," prohibited by law.

State v. Robbins, 124 Ind. 308, 24 N.E. 978, 8 L.R.A. 438 (1890), involved roulette tables, wheels and a faro table. Ind. Rev.St.1881, § 1623, provided for the seizure of gaming implements to be held subject to the order of the court, and destroyed upon conviction of the owner, or returned to the owner on the order of the court. State v. Derry, 171 Ind. 18, 85 N.E. 765 (1908), involved slot machines, roulette tables and chips; Ind. Acts. 1907, ch. 290, p. 661, however, provided for ten days notice to the person in whose possession the devices were found and for a hearing before issuance of any order for their destruction.

Board of Police Comrs. v. Wagner, 93 Md. 182, 48 A. 455, 52 L.R.A. 775 (1901), was an action to replevin a musical slot machine seized as an alleged gambling device. The court held that under the pleadings, the instrument was intended and devised for use in violation of the gambling laws and could not be put to a legitimate use. In effect the court held that the slot machine was an instrument malum in se, harmful and hurtful in character, and that under the police power the law authorizing seizure and destruction of such devices was not violative of due process of law.

In Willis v. Warren (N.Y.), 1 Hilt. 590 (1859), while gambling devices were involved, the court held that they could not be destroyed under a statute which provided for destruction of gaming devices, until after conviction of the offender of employing the devices in gambling. In Woods v. Cottrell, 55 W.Va. 476, 47 S.E. 275, 65 L. R.A. 616 (1904), the court held that the gambling devices involved could not be destroyed until after conviction of the offender who had maintained "the public nuisance of gambling." Cambria v. Backmann, 93 W.Va. 463, 118 S.E. 336 (1923), involved a statute which provided for the apprehension and trial of the owner and seizure of property employed by him for gambling purposes, and if the accused be found guilty, for the destruction of the property; or if not found guilty, for restoration of the same.

Lowry v. Rainwater, 70 Mo. 152, 35 Am. Rep. 420 (1879), held that a summary procedure statute authorizing the seizure and destruction of gambling devices without further investigation was unconstitutional as amounting to a taking of property without due process of law.

Examination of cases decided in this area subsequent to Annot. 81 A.L.R. 730 (1932) shows uniformity of decisions as regards the principle announced in the cases digested in the annotation. See Hurvich v. State, 230 Ala. 578, 162 So. 362 (1935); State v. Gambling Equipment, 45 Ariz. 112, 40 P.2d 746 (1935); Roberts v. Gossett (Tex.Civ.App.), 88 S.W.2d 507 (1935); Pasternack v. Bennett, 138 Fla. 663, 190 So. 56 (1939); Clark v. Holden, 191 Miss. 7, 2 So.2d 570 (1941); State ex rel. Green v. One 5¢ Fifth Inning Base Ball Machine, 241 Ala. 455, 3 So.2d 27 (1941); People v. One Pinball Machine, 316 Ill.App. 161, 44 N.E.2d 950 (1942); State ex rel. Dowling v. Sill, 310 Mich. 570, 17 N.W.2d 756 (1945); Bell and Swawn v. State, 212 Ark. 337, 205 S.W.2d 714 (1947); People v. Whitcomb, 273 App. Div. 610, 79 N.Y.S.2d 230 (1948).

Vaughan v. Dowling, 243 La. 390, 144 So.2d 371 (1962), involved a statute authorizing the seizure and destruction of gambling devices known as slot machines. In reversing a judgment enjoining the destruction of a seized slot machine the Louisiana court, upon reviewing the evidence, held that the machine was not only an appliance used as a gambling device known as a slot machine, but that "its existence is purely, simply, and only, for gambling purposes", and that therefore the seizure of the machine was not violative of due process of law.

State v. Robbins, supra, contains language expressive of the issues involved in the case at bar, as follows:

"* * * No degree of misconduct or wrong can justify the forfeiture of the property of a citizen except in

pursuance of some judicial procedure, of which the owner shall have notice, and in which he shall have the opportunity to contest the ground upon which the forfeiture is claimed. [Citations.] There are, however, some articles which cannot be kept, exhibited, or used for any lawful or innocent purpose, such as spurious coin or bills, * * * the exhibition, use, or possession of which in any form, and under all circumstances, is unlawful or corrupting, and prejudicial to public morals or health. Such articles are regarded as nuisances per se. Property cannot exist in them, and an officer into whose hands they come may be authorized by statute or ordinance to destroy them summarily without process. It has been held, however, that such articles cannot be destroyed by an officer in the absence of a law or ordinance authorizing their destruction. [Citation.] There are other articles, which are not in and of themselves nuisances, which may be used for an illegal or immoral purpose, and which may yet be regarded as property. It may be a question whether implements or articles seized in a particular case are honest, lawful tools or things for innocent amusement, or whether they are devices * * * or apparatus for gambling. * * * Gambling apparatus may be made of valuable material, capable in some other form of being applied to useful and lawful purposes, or it may be for innocent and harmless amusement in the form in which it exists. It cannot always be determined by inspection, or disclosed as matter of law, that articles used for the illegal and immoral purpose of gaming may not also be used for innocent and lawful purposes, or that in honest hands they may not constitute lawful merchandise. Unless, therefore, articles seized are of such a character that the law will not recognize them as property entitled, as such, to its protection, under any circumstances, they cannot be summarily destroyed without affording the owner an opportunity to be heard upon the subject of their lawful use, and to show whether or not the articles are intrinsically useful or valuable for any other purpose than gambling, or whether their only recognized value and customary use is as implements for gaming. If, upon inquiry by the court * * *, it should appear that the property seized is such as is of no substantial or practical use or value except in connection with a gambling-room, or if the use to which it is customarily devoted by the owner, is unlawful gaming, its destruction should be ordered * * *."

■ The cases analyzed stand for the general propositions that the summary

seizure and destruction of any alleged gambling device is sanctioned where the statute prohibits devices designed, intended and exclusively used for gambling, or, although a device is not specifically named in the statute as a gambling device, there can be no question that it is, by reason of its well-known character and use as a gambling device, as for example, slot machines and roulette wheels; but where doubt exists as to the use to which the device may be put, i. e., whether lawful or entirely unlawful, then the destruction of the device without notice and opportunity for a hearing is frowned upon as violative of due process of law; particularly is this true as to devices which, although capable of use for gambling purposes, actually may be used for lawful purposes.

I.C. § 18–3804 in effect provides for the seizure of any property under a warrant of a justice of the peace upon his knowledge or information that it is a gambling device; whereupon he may cause it to be destroyed; such section of the statute presupposes that any such device so seized and brought before the justice of the peace is contraband and must be destroyed. Whether the gambling characteristics of the device may be in question or not, or whether the device is incapable of any use other than gambling, i. e., whether the device is malum in se and therefore contraband or whether it is capable of legitimate use, the basis of the seizure is solely the knowledge or advance information of the magistrate to the effect that the device is one used for gambling. Once any device is so seized, the statute compels its destruction, without any notice or hearing or judicial determination as to the character of the property seized.

Essentially the determination as to whether the device is a gambling device and hence contraband is made by the individual executing the affidavit as in the case at bar, whether he be a law enforcement officer or other individual; the statute neither permits nor requires proceedings other than ministerial acts by the court, following the filing of the affidavit, or other method whereby the justice of the peace acquires knowledge or information of the existence of the gambling device.

Appellant contends that the devices are nuisances, I.C. § 52–101 et seq.; Mullan & Co. v. Moseley, supra; Thamart v. Moline, 66 Idaho 110, 156 P.2d 187 (1945); State v. Village of Garden City, 74 Idaho 513, 265 P.2d 328 (1953), and being gambling nuisances the devices may be summarily seized and destroyed under I.C. § 18–3804, citing Mullan & Co. v. Moseley, supra; Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385 (1894); Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568 (1925); State v. Ricks, 215 La. 602, 41 So.2d 232 (1949); and Durant v. Bennett (U.S.D.C., S.C.), 54 F.2d 634 (1931).

The pleadings in the case at bar raise the issue as to whether the devices involved are gambling devices, respondent having alleged that they are not and appellant having denied that allegation. Moreover the proceeding, being for a writ of prohibition, is designed to test whether appellant justice court exceeded its jurisdiction as a matter of law in ordering seizure and destruction of the devices under the summary procedure of I.C. § 18–3804.

This is not a criminal action wherein one is charged with the misdemeanor of playing or carrying on gambling games by the use of various gambling devices under I.C. § 18–3801; nor is it an action to abate a public or moral nuisance, I.C. Tit. 52, ch. 2. In such actions the issue of whether the devices involved are gambling devices, is a matter for judicial determination.

Nor is the situation in the case at bar as in the cases cited by appellant. Mullan & Co. v. Moseley, supra, upheld the summary seizure of devices which both parties admitted were designed and used solely and only for gambling and were not adapted to any other use or purpose; Lawton v. Steele, 152 U.S. 133, 14 S.Ct. 499, 38 L.Ed. 385, involved the summary seizure and destruction of fishing nets used in violation of the statute prohibiting the taking of fish by any device, including nets, from certain waters of New York, and which authorized the seizure and destruction of any such device so used. Samuels v. McCurdy, 267 U.S. 188, 45 S.Ct. 264, 69 L.Ed. 568, involved the summary seizure and destruction of intoxicating liquor, the possession of which was prohibited by statute. State v. Ricks, 215 La. 602, 41 So.2d 232 (1949), involved a statute under which an owner of a slot machine was arrested and confiscation of the machine ordered upon conviction of the owner of gambling. Durant v. Bennett (U.S.D.C., S.C.), 54 F.2d 634 (1931), upheld the seizure and summary destruction of slot machines under a statute which prohibited various devices, including slot machines, as gambling devices.

The character of respondent's devices, i. e., whether they are gambling devices, having been raised in the present proceeding seeking to enjoin the summary destruction of the devices under I.C. § 18–3804, and there being no provision under such section of the statute for notice and an opportunity to be heard; and inasmuch as under the issue so raised, judicial determination would be required as to whether the devices were or were not designed, intended and used solely and only for gambling purposes and for no other purpose; it follows that I.C. § 18–3804 is unconstitutional as applied to respondent in that it denies to respondent due process of law, violative of Idaho Const. art. I, § 13, inasmuch as appellant justice of the peace has acted and will continue to act in excess of his jurisdiction in the premises, as specifi-

cally applied to respondent. Weller v. Hopper, 85 Idaho 386, 379 P.2d 792 (1963).

The holding that such section of the statute is unconstitutional is limited in its application to the facts and circumstances shown in this cause. The judgment therefore is affirmed. No costs allowed.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.