FURTH *v.* STATE.

Opinion delivered January 23, 1904.

1. WITNESS—SELF-INCRIMINATION.—In a proceeding to condemn and destroy certain gambling devices, an intervener was required to testify over his objection, but his testimony did not tend to criminate himself,

s c—6

and other evidence established the fact that the devices in question were gambling devices, kept and used in violation of the statute. *Held*, that requiring such intervener to testify was not reversible error. (Page 165.)

2.  GAMBLING DEVICES—SEARCH AND DESTRUCTION.—Sand. & H. Dig., § 1618, making it the duty of judges of the supreme and circuit courts and of justices of the peace, in certain cases, to issue their warrant to a peace officer to search for gambling devices, and directing that, on finding any such, they shall be publicly burned by the officer, is not void for uncertainty or ambiguity. (Page 165.)

3.  STATUTE—REPEAL—Acts 1901, p. 114, "An act to suppress and punish gambling," does not repeal Sand. & H. Dig., § 1618. (Page 166.)

4.  CONSTITUTIONAL LAW—JURY TRIAL.—Sand. & H. Dig., § 1618, providing for search for and destruction of gambling devices, is not unconstitutional in not providing for a jury trial. (Page 166.)

5.  SAME—SUMMARY DESTRUCTION OF GAMBLING DEVICES.—Sand. & H. Dig., § 1618, providing for search for and summary destruction of gambling devices, is not unconstitutional as authorizing the taking of property without due process of law. (Page 166.)

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

Affirmed.

This was a proceeding *in rem* to obtain the seizure and destruction of certain gaming devices. R. A. Furth intervened as their owner, and has appealed from an adverse judgment. The facts are stated by the court as follows:

STATEMENT BY THE COURT.

On June 6, 1903, upon affidavit filed before Judge R. J. Lea, judge of the Sixth Judicial Circuit of the state of Arkansas, stating that certain gambling devices, commonly called a roulette wheel, or rouge et noir; also crap table, also chuck-a-luck, also faro bank table, also race horse wheel or bookmaker's wheel, is now kept at 109 South Main street, on second floor, in the city of Little Rock, in said county of Pulaski and state of Arkansas, contrary to the statute in such cases provided, and praying a warrant for search for them, and that, if found, the sheriff forthwith proceed to publicly burn the same according to law; the judge issued his warrant commanding the sheriff to seize and hold the same to be dealt with according to law, and for the

further orders of the court, and to summon the party in possession of the property to appear before him in ten days, and show cause, if any, why such gambling devices should not be condemned and destroyed according to law. The warrant was served, the gambling devices seized, and the appellant, R. A. Furth, filed before the judge a sworn petition to be allowed to intervene, claiming that said judge had no authority or jurisdiction; that he was the owner of the property seized; that the same was not such as the law makes it a crime to keep and exhibit; that said property can be and is used for lawful and ordinary purposes, and is of great value as property that is used for legitimate purposes. Permission was given him to intervene.

The testimony of witnesses was taken as to the character and use made of the property, and we think that it was clearly shown that the articles seized—being two tables—were gambling tables, made for the purpose of being used as gambling tables; that they had been used and kept, and were used and kept, as gambling tables, and that they were of but little value and use, except as gambling devices. The appellant, Furth, was sworn as a witness, and objected, and refused to testify, on the ground that his evidence might tend to criminate him, but his objection was overruled, and he was compelled by order of the court to answer questions propounded by the court, the court stating to him at the time that, if he asked him any question the answer to which would tend to criminate him, he might decline to answer it; and he objected to testifying, and, his objection being overruled, he excepted. The appellant moved for a jury trial, that the issues be tried by a jury, which was denied, and he excepted. The issues were determined by the court for the appellee. The appellant filed a motion for a new trial, which was overruled, and he excepted, and appealed to this court. He gave bond, and obtained a supersedeas.

*Fulk, Fulk & Fulk, J. A. Gray* and *F. T. Vaughan,* for appellant.

The cause must be reversed for the error in compelling Furth to testify. 70 Ark. 272, 284; Const. 1874, art. 2, § 8. This is true, even if this is not a criminal case. 15 Ark. 649; 59 L. R. A. 437, 441; 24 S. W. 1038; 142 U. S. 547, 586; 1 Burr's Trial, 244;

75 Va. 892; 107 Mass. 182; 15 L. R. A. 676; 1 Whart. Ev. § 536; 4 Wend. 229; 78 Va. 493; 24 Gratt, 624; 58 N. H. 314; 9 Am. Rep. 22-28; 143 N. Y. 219; 9 Am. Cr. Rep. 760; 62 Ark, 538, 540; 67 Ark. 163. Sand. & H. Dig. § § 1618, 1619 are unconstitutional, as depriving an owner of his property without due process of law. 67 Cal. 251; 62 Me. 24; 80 *Ib.* 206; 70 Mo. 152; 124 Ind. 308; 60 Ind. 371; 39 Am. Rep. 298; 35 *Id.* 420; 40 *Id.* 115; 33 *Id.* 414; Black, Intox. Liq. §: 52, pp. 70-71; 61 Am. Dec. 381; 2 Tied. 167; 2 Curt. 187; 155 Ill. 242-3. *Cf.* 152 U. S. 133, 140, 144; 71 S. W. 257, 258, 259. Sand. & H. Dig. § § 1618-1619, *supra,* are also void for uncertainty. 47 Ark. 404-6; Suth. Stat. Const. § § 235-240; Endl. Int. Stat. § § 4, 7, 8, 10, 18, 22, 384; 23 Am. & Eng. Enc. Law, 296-7; *Ib.* 298-9, 301, 303-353, 385; 43 Am. St. 525, 527. As to authority and duty of courts to declare statutes void for uncertainty see: 45 Ark. 158; Sedgw. St. Const. 250-251, 253, 263-4-5; 23 Am. & Eng. Enc. Law, *supra;* 13 Abb. N. C. 424; 2 Pet. 93; 14 Pet. 178; 66 Md. 215; 7 N. Y. 97; 8 B. & C. 99; 1 El. & Bl. 516; 18 Oh. St. 462; Dwarris, Stat. § 579. Sand. & H. Dig. § § 1618-19 are repealed by the Wilson act (Acts 1901, 114); 10 Ark. 590; 47 Ark. 488; 57 Ark. 508-511; 70 Ark. 25; 54 Ark. 182; 43 Ark. 425-427; 43 Ark. 364-367; 31 Ark. 17; 46 Ark. 438. This is a criminal proceeding, in its nature. 116 U. S. 616. The court erred in refusing to allow appellant a jury. Sand. & H. Dig. § 5794; 70 Ark. 98; 58 Ala. 599; 43 Am. St. Rep. 525; 14 Utah, 293; 24 N. E. 978-980; 44 Am. Rep. 128, 131; 185 Ill. 242-3; Cooley, Const. Lim. 513; 44 N. Y. 553; 18 How. Pr. 181; 18 Hun, 289; 31 Hun, 596; Sedgw. St. Const. § § 482, 483, 486, 497; 6 Am. & Eng. Enc. Law (2d Ed.), 974-978; 15 Am. Dec. 161; 24 S. C. 158; 36 S. C. 165; 89 Cal. 597; 66 Mich. 373; 33 N. W. 840; 15 L. R. A. 441; 43 *Ib.* 33; Bl. Intox. Liq. § § 62, 365-6; 43 Am. St. 525, 528; 66 N. H. 622, 639; 14 Utah, 293; 66 S. W. 345; s. c. 70 Ark. 94; 49 Me. 285; 80 Me. 91; 90 Me. 57; 40 Ia. 95; 47 Ia. 418; 49 Ia. 351; Wells, Ques. of Law and Fact, § 119; 21 Am. & Eng. Enc. Law, 977; 71 Ia. 216; 1 Gray, 1; 105 Mass. 595; 115 Mass. 142; 15 Cal. 302; 9 Oh. Cir. Ct. Rep. 178; 153 N. Y. 188; 61 Am. Dec. 397; 153 N. Y. 188.

*George W. Murphy, Attorney General, Eben W. Kimball* and *J. A. Comer,* for appellee.

Furth came voluntarily into the case as a witness, and was therefore bound to submit to a full cross-examination. 1 Gr. Ev. § 451; 10 Fost. 540; 28 Conn. 309; 1 C. & P. 278; 4 N. H. 562; 11 Cush. 437, 439. The act is not unconstitutional as depriving appellant of his day in court. 65 Ark. 613-615; 64 Ark. 609; 152 U. S. 133; 71 S. W. 257. The act was not repealed by the Wilson act. Sedgw. Const. Stat. 97, 98. The constitutional grant of right to trial by jury applies only to cases where it existed at common law, and not to summary proceedings *in rem.* 36 Ark. 27; 32 Ark. 17, 553; 40 Ark. 296, 297; 48 Ark. 426; 12 Enc. Pl. & Pr. 239; 152 U. S. 133.

HUGHES, J. (after stating the facts). The objection that that there is reversible error in the court's overruling the objection of the appellant to giving testimony in the case on the ground that it might tend to criminate him is not tenable, we think, for the following reason: It does not appear to us that the testimony he gave would tend in fact to criminate him. But, without the testimony of the appellant, the evidence otherwise is such that no reasonable doubt can be entertained that the devices were gambling devices, kept and used for gambling, practically, alone, and that they were kept and used in violation of the statute.

The appellant contends that the act providing for this proceeding is void, because sections 1618 and 1619 of the statute are unconstitutional, because they are uncertain and ambiguous. We do not consider this objection sound. These sections read as follows:

Section 1618, Sandels & Hill's Digest, says: "It is hereby made and declared to be the duty and required of the judges of the supreme court, the judges of the circuit courts and of the justices of the peace, on information given or on their own knowledge, or where they have reasonable ground to suspect, that they issue their warrant to some peace officer, directing in such warrant a search for such gaming tables or devices hereinbefore mentioned or referred to, and directing that, on finding any such, they shall be publicly burned by the officer executing the warrant. Such warrant may be substantially in the following form:" Here follows the language of the warrant. Though the meaning of this section might have been made plainer by particularity in the use of language, it is easily understood by anyone who does not

want to misunderstand, and the court has no difficulty in determining what it means, and this objection on account of uncertainty is not sustained. Section 1619 only provides for the fees of the officer executing the warrant to be paid by the person keeping such gambling devices, in case they are adjudged to be burned. There is no uncertainty in this section.

We do not think these sections are repealed by what is known as the "Wilson Act" (Acts 1901, p. 114). We do not think the two acts inconsistent, or that the Wilson act covers the entire subject-matter of these sections in such manner as to amount to a repeal, or that the legislature intended by the latter act to repeal the former act.

The objection that the act in question does not provide for a jury is a serious one. But this is a proceeding *in rem* of a civil nature. It is a summary proceeding in the exercise of the police power of the state, under a statute passed to suppress the nuisance of gambling. Gambling was a nuisance at common law, and in such case trial by jury was not a right at common law. It is only in cases where a jury could be demanded as a matter of right at common law that the refusal of a jury under our constitution is ground for reversal.

The contention is made here that the legislature had no right or power to enact this statute. We understand that it is competent for the legislature to provide by statute for the suppression of nuisances by a summary proceeding, and to authorize the destruction of gambling devices the use of which constitutes a nuisance. The principle is settled in case of the *Garland Novelty Co.* v. *State,* 71 Ark. 138, 71 S. W. Rep. 257, which case counsel for appellant asked this court to reconsider and modify, so as to confine its ruling to cases where not only the devices seized are nuisances *per se,* but where the facts are confessedly that such property is used for gambling purposes only, and cannot be used for any other. This we cannot do. This case stands on its own facts, and announces correct principles of law.

To maintain the constitutionality of the statute under consideration, the doctrine of what is known as the "Fish Net Case," *Lawton* v. *Steele,* 152 U. S. 133, is justly invoked, which, in effect, decides that statutes providing for the abatement of nuisances by the destruction of the means used in carrying them on without

a judicial trial, and without notice is not unconstitutional, and that a party is not by them deprived of his property without due process. In this case the court says: "The summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the constitution, and it has never been supposed that the constitutional provision in this case was intended to interfere with the established principles in that regard." But the owner of gambling nuisances is not necessarily deprived of a right to trial by jury by this summary proceeding. The burden of proof may be changed. But he has his remedy in replevin, or in trespass. The court said in this case that where the property was of little value, it might be destroyed without a judicial trial, but that where it was of great value it would be dangerous to give such power to an officer. In this case the evidence tends to show that these gambling devices were of very small value, and that they were practically of no use save for gambling purposes, and that there was no market for such devices.

Finding no error, the judgment is affirmed.