JAMES LLOYD BOSTIC *v.* CITY OF LITTLE ROCK

5232                                    409 S. W. 2d 825

Opinion delivered December 19, 1966

[Rehearing denied January 23, 1967.]

*Harry C. Robinson,* for appellant.

*Joseph C. Kemp* and *Perry V. Whitmore,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, James Lloyd Bostic, was convicted in the Municipal Court of the City of Little Rock on March 17, 1966, of the offense of keeping a gambling device. He was fined $50.00 and costs, and the alleged gambling machine was ordered destroyed. Bostic appealed from the conviction to the Circuit Court of Pulaski County, Arkansas, and, on trial by the jury, was convicted and fined $200.00. From the judgment so entered, appellant brings this appeal.

For reversal, appellant relies upon two points, first, that the trial court committed prejudicial error by informing the jury that Bostic had been convicted

of the charge in the Municipal Court, and second, that the section under which appellant was convicted, Ark. Stat. Ann. § 41-2003 (1947), does not, in defining gambling devices, include the machine possessed by Bostic. We proceed to a discussion of each point in the order listed.

In acquainting the jury with the nature of the case, the judge of the Circuit Court said:

"This is Case No. 65656, *City of Little Rock* v. *James Lloyd Bostic*. The charge is keeping a gambling device. This defendant was convicted in the lower court and he has appealed, which he has a right to do, and, of course, as he stands before you he is innocent until the City convinces you of his guilt beyond a reasonable doubt. That's all I know about the case. I don't know anything about the facts because all that comes over to me is this appeal transcript."

Appellant objected to this statement by the court, and upon being overruled, noted his exceptions. It is argued that appeal cases are tried anew, in the same manner as if no judgment had ever been rendered, and that the trial court committed reversible error by informing the jury that Bostic had been convicted in the Municipal Court; that "the jury's knowledge of lower court conviction would prejudice them in their consideration of the case." We do not agree.

In *Stanley* v. *State*, 174 Ark. 743, 297 S. W. 826, error was asserted because the trial court permitted the prosecuting attorney, in his opening statement, to mention that the defendant, who was charged with manslaughter, had been previously convicted of the offense about a year prior thereto, but the case had been reversed by the Supreme Court. We held that where the record showed this to be true, there was no error.

Of course, the trial court, in its remarks, gave no opinion as to the guilt or innocence of the accused, and

it is that type of comment, *i.e.*, upon the weight of the evidence which this court has held to be improper and prejudicial. *Hearn* v. *State*, 211 Ark. 233, 200 S. W. 2d 513, and cases cited therein. Here, the court very clearly told the jury that the defendant stood before them innocent until they were convinced of his guilt beyond a reasonable doubt. We see no possible way that prejudice could have resulted.

The proof on the part of the city reflected that Bostic operated a cafe, in which there was a pinball machine. Free games could be accumulated on the machine, and Bostic was observed paying off persons for these games. A button would then be pressed on the bottom of the maching for the purpose of "running off" the games. A witness testified that he won games on three occasions, eighty the first time, two hundred the second time, and five hundred on the third occasion, and was paid by Bostic at the rate of a nickel per game.

Appellant argues that the pertinent statute (41-2003) specifies certain gambling devices, the keeping of which constitutes the offense of keeping a gambling device, but that the pinball machine, here involved, is not included among the prohibited machines. We find no merit in appellant's contention.

It is true that Act 137 of 1933, as amended by Act 201 of 1939, Ark. Stat. Ann. § 84-2611 (Repl. 1960), provides that the anti-gambling statutes (including what is presently § 41-2003) "shall not be expanded to include a free amusement feature such as the privilege of playing additional free games if certain score is made on a pinball table and on any other amusement game described in this section." Thus, merely setting up a machine that gives free games is not a violation of § 41-2003, but there are additional facts in this case, which bring it within the provisions of that statute, *viz*, that the free games won on the machine were converted to cash by the proprietor's paying off these games in money. When this was done, the machine clear-

ly became a gaming device, and appellant was subject to the penalty of the law.

In *Albright* v. *Muncrief*, 206 Ark. 319, 176 S. W. 2d 426, we held that teletype machines, operated for the purpose of securing information as to horseracing at different tracks in the United States, the information received then being transmitted to other places in the city where gambling was carried on, became gambling devices within the meaning of our statutes. Of course, a teletype machine is not a gambling device, *per se*, but it was the use employed which brought the machines within the prohibitory statute. In that case, we said:

"It seems to us that the evil effects flowing from the use of instrumentalities designed for lawful use, when put to an unlawful use, would be just as great as when such machines were designed for unlawful purposes. Our lawmakers have gone far in their attempt to suppress the gambling evil and in so doing have given our enforcement officers authority to destroy the tools by the use of which gambling is carried on."

Under our law, and the facts shown, the jury was justified in finding Bostic guilty of the offense charged.

Affirmed.