JAMES LLOYD BOSTIC *v.* CITY OF LITTLE ROCK, ARK.

5288                                    418 S. W. 2d 619

Opinion delivered September 18, 1967

*Harry C. Robinson,* for appellant.

*Joe Kemp,* Little Rock City Attorney; *Perry Whitmore,* Asst. City Atty., for appellee.

JOHN A. FOGLEMAN, Justice. This is the second appeal in this case. In the first (241 Ark. 671, 409 S. W. 2d 825), appellant's conviction of keeping a gambling device in violation of Ark. Stat. Ann. § 41-2003 (Repl. 1964) was affirmed. The case was there tried de novo on appeal from a conviction in the Municipal Court of Little Rock. The gambling device in question was a "pinball" machine on which appellant was found guilty of "paying off" for free games accumulated on the machine by players using it. Appellant there contended that these machines were not among the gambling de-

vices prohibited by the above mentioned statute. This question was resolved against appellant on the previous appeal.

The machine was ordered destroyed by the municipal court. The circuit court did not order its destruction in the judgment from which the first appeal was taken. After affirmance, the mandate of this court was issued on January 27, 1967. Thereafter the circuit court entered an order on March 1, 1967, ordering the Little Rock Chief of Police to forthwith cause the machine seized to be publicly burned. This appeal comes from that judgment upon the contention that the court erred in ordering the machine burned or destroyed.

The principal argument advanced by appellant is that after appellant's conviction was appealed, the trial court lost jurisdiction over the case and, not having ordered the destruction in its judgment entered upon the jury verdict, could not do so after the transcript of the record on appeal was filed in this court.

It is true that a trial court does not have jurisdiction of its judgment or sentence during the pendency of an appeal for the purpose of modification or alteration. *Fletcher* v. *State,* 198 Ark. 380, 128 S. W. 2d 997. It is also true that the trial court has no jurisdiction to modify or vacate a judgment or sentence in a criminal case after affirmance by this court. *Freeman* v. *State,* 158 Ark. 262, 249 S. W. 582; *Mitchell* v. *State,* 232 Ark. 371, 337 S. W. 2d 663. The real purpose of the rule is to prevent the trial court from varying the judgment rendered or examining it for any purpose other than execution thereof. *Fortenberry* v. *Frazier,* 5 Ark. 200; *Mitchell* v. *State, supra.* The trial judge, however, has a continuing right to enforce appropriate orders after the filing of the mandate of this court and jurisdiction is reacquired following affirmance on appeal. *Scaife* v. *State,* 210 Ark. 544, 196 S. W. 2d 902.

It is also stated in appellant's brief that the recitation by the trial court in its order of destruction that appellant was initially served with a warrant issued out of the municipal court directing that the machine be burned is not supported by anything in the record on either appeal. A search of the transcripts on the two appeals does not reveal any warrant. Even though the municipal court had not ordered the destruction of the machine, the absence of a warrant in the record is not necessarily fatal to the judgment from which this appeal is taken. For instance, if a seizure of the machine had been made without a warrant because it was publicly exhibited and operated, an order to destroy it would be proper. *Garland Novelty Co.* v. *State,* 71 Ark. 138, 71 S. W. 257. Provisions of the statute authorizing destruction of property used in violation of § 41-2003 have been referred to as a summary remedy in the exercise of the police power to suppress gambling, which has been declared to be a nuisance. *Furth* v. *State,* 72 Ark. 161, 78 S. W. 759; *Garland Novelty Co.* v. *State supra.* Section 41-2009 authorizes destruction of any device which is made unlawful to keep by § 41-2003. *Steed* v. *State,* 189 Ark. 389, 72 S. W. 2d 542. While some of the earlier cases indicate that only those devices which are both made and kept *solely* for the purpose of gambling are subject to destruction,[1] later cases base the application of the statute on the use to which the device is put. See *Burnside* v. *State,* 219 Ark. 596, 243 S. W. 2d 736; *Albright* v. *Karston,* 206 Ark. 307, 176 S. W. 2d 421. In *Albright* v. *Muncrief,* 206 Ark. 319, 176 S. W. 2d 426, a teletype machine being used to transmit race horse information to various gambling houses, was held to be subject to destruction, even though the information was also used for other purposes. The court said that the evil effects to be suppressed were just as great in the use of instrumentalities designed for lawful use as when they were designed for the unlawful use to which they were put. This holding was partially based

---

[1]See, *e.g., Garland Novelty Co.* v. *State,* 71 Ark. 138, 71 S. W. 257.

upon that section of the statute requiring that in construction of the "anti-gambling" statutes, the court shall adopt that construction "in favor of the prohibition and against the offender". Ark. Stat. Ann. § 41-2017 (Repl. 1964) [Chapter 44, Div. 6, Art. 3, § 13, Revised Statutes]

Appellant does not question the status of this machine as a gambling device and that issue has been conclusively resolved against him on his former appeal. Such a device is not a lawful subject of property but has been declared contraband under the laws of this state. *Bell & Swan* v. *State*, 212 Ark. 337, 205 S. W. 2d 714. The owner of contraband, is not entitled to its return, even though the seizure was not lawful, so long as the article is held by an officer for the court or brought into court. *O'Neal* v. *Parker*, 83 Ark. 133, 103 S. W. 165; *Ferguson* v. *Josey*, 70 Ark. 94, 66 S. W. 345; *Dodge* v. *United States*, 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392. Even though the fact that the property procured might not be admissible in evidence because of an unlawful search, the court's jurisdiction is based on the actual or constructive possession of the court. *Strong* v. *United States*, 46 F. 2d 257, cert. denied 284 U. S. 691, 52 S. Ct. 27, 76 L. Ed. 583. The fact that the seizure was without a search warrant and in violation of the Fourth Amendment to the Constitution of the United States would not entitle one claiming the contraband seized to its return. *Trupiano* v. *United States*, 334 U. S. 699, 68 S. Ct. 1229, 92 L. Ed. 1663.

Ark. Stat. Ann. § 41-2009 authorizes the destruction of devices the keeping of which is prohibited by § 41-2003. This being so, a delay of destruction of such device until its character has been determined to be within the purview of the statute has been held proper. *Garland Novelty Co.* v. *State*, 71 Ark. 138, 71 S. W. 257. While it was not necessary for the trial court to have done so, it was not error to withhold the order of destruction until its determination that the keeping of the

machine was prohibited by § 41-2003 had become final on appeal, for it might have been necessary to have the machine as evidence if the case should have been reversed. During all of the time the machine had been in the custody of the officers, and particularly between the affirmance of the case in this court and the order of destruction, appellant might have sought a remedy, if it were wrongfully held, in replevin or trespass. *Furth* v. *State,* 72 Ark. 161, 78 S. W. 759. Nothing in this record indicates that he did.

The judgment is affirmed.