Hubert BLANKENSHIP *v.* STATE of Arkansas

CR 75-89                                   527 S.W. 2d 636

Opinion delivered September 22, 1975

*Carl Creekmore,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcomb,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Hubert Blankenship was found guilty of keeping, conducting and operating a gambling house in violation of Ark. Stat. Ann. § 41-·001 (Repl. 1964). On appeal, he first asserts that his conviction should be reversed because the circuit court erred in denying his motion to suppress evidence obtained through a search of Apartment 25 of the Van Buren Motel, the place where the state alleged he carried on the operation. The basis of the attack upon the search was the assertion that the warrant therefor was unlawfully issued because probable cause was not shown by the affidavits upon which it is based. We hold that there was sufficient showing of probable cause.

The search warrant was issued by the circuit judge. It authorized the search of Apartments, 24, 25, 26 and 30 of the Van Buren Motel. The warrant recites that it is based upon the affidavits of Dwain Thompson and Curtis Balch. It includes a finding that the judge was satisfied that probable

cause existed and that grounds for issuance of the search warrant existed.

In his affidavit, Thompson stated that: when he came to Fort Smith on February 25, 1974, on a special assignment to investigate gambling activities in Crawford and Sebastian Counties, he talked to Detectives Balch and Jankowski of the Fort Smith Police Department's vice squad and they gave him a telephone number (474-3508), which they believed to be in use in gambling activities; on the following day, he made two calls to this number and recorded the conversations on tapes and transcriptions of these conversations were attached as a part of his affidavit; he obtained a copy of records of the Southwestern Bell Telephone Company showing that this number was listed in the name of Hubert Blankenship at Apartment 30, Van Buren Motel in Van Buren; two days later he went to the motel and sketched its layout, showing the location of motel room 30, and this sketch was made a part of his affidvait. The transcript of the telephone calls revealed that: Thompson had talked with a person who identified himself as Bobby; Bobby could not give Thompson the "scratches" when he called at 10:00 A.M., but later had them and stated them in nine races; Thompson asked for Hubert, but was told that he was "out on the run somewhere"; when Thompson tried to place a bet, Bobby refused to take it because he did not know the caller, who had been identified to him only as R.A., a salesman for Jimco Electronics, in town for three or four weeks, but said that Hubert would return in about 15 minutes and might take it; about an hour later when Thompson called, the person answering identified himself as Hugh, but Thompson addressed him as Hubert and again identified himself as R.A.; the answering person said, "R.A., I have never played with you;" "I can't fool with you until I find out who you are. . .", ". . .if you'll find somebody, call me, . . ." and ". . . just find somebody that I know that knows you and we might do some business". ·

In his affidavit Balch stated that a reliable, confidential informer, who had previously given him reliable information on gambling activities had related, on February 28, 1974, that he had personally placed bets with Billy Reeder at

Apartment 17 of the Van Buren Motel, had seen numerous betting slips, racing forms and scratch sheets there and had used telephone number 474-8722 in placing bets with him on numerous occasions, and that Bobby Plymale and Hubert Blankenship were booking together in Apartment 25 and had access to Apartments 24 and 26, which could be used for booking purposes by running the telephone cord out the window or under the floors into those rooms, and that they sometimes used Apartment 30, where Blankenship lived, for booking purposes.

We have no hesitation in holding that these affidavits, considered together, are sufficient basis for a determination of probable cause for a search of Apartment 25, and rejecting appellant's arguments that the affidavits contain only affirmations of suspicion and belief, or conclusions of the complainant. Furthermore, unlike the situation in *Cockrell* v. *State*, 256 Ark. 19, 505 S.W. 2d 204, the affiant Balch did state reasons for his giving credence to the statements of the informer. In *Cockrell*, the affiant did not even know his informant and had no knowledge of his reliability. As in *Flaherty* v. *State*, 255 Ark. 187, 500 S.W. 2d 87, we accord some weight to the findings of probable cause by the issuing judge and hold that the affidavits presented, when considered together, constitute a substantial basis in support of that determination. It is true that we held in *Cockrell* that oral statements not reduced to writing and accompanied by affidavit could not be considered in determining probable cause. Here, the *Aguilar* test requiring that the magistrate be informed of underlying circumstances supporting a statement as to the reliability of a confidential informer was unquestionably met. The affidavit of Thompson clearly corroborated the statements of the informer to Balch. See *Aguilar* v. *Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L.Ed. 2d 723; *Bailey* v. *State*, 246 Ark. 362, 438 S.W. 2d 321. See also, *Spinelli* v. *U.S.*, 382 F. 2d 871 (8 Cir., 1967). We find no reason why we should consider the two affidavits separately in determining the propriety of that finding, as appellant does, on the premise that the question must be decided upon the basis of the Balch affidavit alone because Thompson did not mention Apartment 25 in his affidavit.

Blankenship requested that the circuit judge give instructions defining offenses covered by Ark. Stat. Ann. §§ 41-

2030, 41-2003 and 41-2004 (Repl. 1964), as lesser included offenses. The statute defining the crime of which Blankenship was convicted makes the keeping, conducting or operation of a gambling house or place where gambling is carried on, or the setting up, keeping or exhibiting of a gambling device, a felony. Under that statute, one who is interested, either directly or indirectly, in the operation of the gambling house or the setting up or exhibition of the gambling device, either by furnishing money or other articles for either of those purposes is guilty of the offense.

In viewing the court's action, we will first consider Ark. Stat. Ann. § 41-2003, which makes the setting up, keeping or exhibiting of a gaming table or gambling device adapted, devised or designed for the purpose of playing any game of chance, at which any money or property may be won or lost, a misdemeanor. Betting on horseracing has been recognized as a game of chance as defined by that statute. *Albright* v. *Muncrief*, 206 Ark. 319, 176 S.W. 2d 426. A gambling device under both statutes includes instruments and devices which are not gambling devices per se when they are used for gambling purposes. *Albright* v. *Muncrief*, supra. Even though Ark. Stat. Ann. § 41-2003 may define a lesser offense that is included in the felony defined by § 41-2001, it was not error to refuse this instruction because Blankenship was either guilty of operating a gambling house or guilty of nothing at all. *Caton* v. *State*, 252 Ark. 420, 479 S.W. 2d 537. To say this, however, requires a review of the evidence.

Lt. Dwain Thompson of the Arkansas State Police called telephone numbers given him by a confidential informer. The first call resulted in a conversation with a man who said, in response to Thompson's inquiry, that he did not have the "scratches", but would have them in about 15 minutes. On a second call to the same telephone number, the man who identified himself as Bobby refused to accept a bet Thompson sought to place, but said that Hubert, who was not in at that time might take his bet. When Thompson called back 45 minutes later, Hubert would not take his bet either, but said that he would if Thompson would get a recommendation from someone with whom Hubert was betting. Thompson then enlisted the aid of other officers and went to Room 25 at

the Van Buren Motel and, upon being admitted, found Bobby Plymale and Hubert Blankenship there. In the room, he saw two telephones, which were constantly ringing and directed State Policeman Green and Sgt. Phillips to hook tape recorders to them and record any calls that came in. Sgt. Bradford was assigned to the confiscation and labeling of all evidence that might be used in bookmaking.

Sgt. Bradford found and took into his possession a ledger, three sheets of yellow paper with tickets wrapped inside them, a cigar box containing tickets, three sheets of yellow notebook paper, newspapers containing current racing forms, telephones, some yellow legal pads and some checks. Sgt. Phillips recorded calls from persons attempting to place bets.

An off-track establishment maintained for the purpose of receiving and making bets on horse races is a gambling house, regardless of whether betting on the races is forbidden by statute, and its operation is a felony. *Albright* v. *Karston,* 206 Ark. 307, 176 S.W. 2d 421. In this case Blankenship was, under the evidence, either operating a bookmaking establishment, i.e., running a gambling house, or he was guilty of nothing at all. The devices seized, therefore, were gambling devices, only if he were actually running a gambling house or was interested in its operation. See *Bostic* v. *City of Little Rock,* 241 Ark. 671, 409 S.W. 2d 825; *Burnside* v. *State,* 219 Ark. 596, 243 S.W. 2d 736; *Albright* v. *Muncrief,* supra.

The state relies upon *Flaherty* v. *State,* 255 Ark. 187, 500 S.W. 2d 87, but this case differs from that in that all the elements of a violation of § 41-2003 were charged in the information here, but not there. We found it unnecessary, in that case, to consider the question whether the articles there seized were gambling devices. Under the evidence here, they were, but only because the operation under the evidence, was, in fact, a gambling house.

By applying the identical process of reasoning it is clear that there was no error in denying instructions that would have permitted a conviction under Ark. Stat. Ann. § 41-2004. There was no evidence which would have supported a convic-

tion under Ark. Stat. Ann. § 41-2030 because there was no attempt made to prove a specific bet made by Blankenship.

The judgment is affirmed.