Charles LEWIS *v.* STATE of Arkansas

CA CR 82-69                                          644 S.W.2d 303

Court of Appeals of Arkansas
Opinion delivered December 22, 1982
[Rehearing denied January 19, 1983.]

*Morehead & Associates,* by: *Robert F. Morehead,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. The appellant was found guilty of possession of cocaine with intent to deliver and was sentenced to ten years. He was also found guilty of possession of marijuana and Valium and fines were imposed for those offenses. He appeals only the conviction for possession with intent to deliver and his first contention is that the jury's verdict was contrary to the law and evidence.

There was testimony that law enforcement officers, acting with a search warrant, searched appellant's house and seized the following items: $500.00 in bills of various denominations; a plastic sandwich bag containing approximately five grams of a white crystalline powder; a bag containing approximately one ounce of vegetable matter; an unlabeled bottle containing 81½ tablets; a single-pan scale calibrated in grams and another scale calibrated in ounces; a quantity of cigarette papers; and several glass and metal smoking pipes. Arkansas State Crime Laboratory chemists who tested the powder, vegetable matters, and tablets seized from appellant's home testified that the bag of white powder weighed 6.3 grams and contained 2.1547 grams of pure cocaine mixed with a larger amount of sugar, that the vegetable matter was marijuana, and the tablets were Valium.

Appellant testified in his own defense and admitted that the items seized were his, but said the cocaine was for his own personal consumption and that he had not engaged in selling any drugs. He testified that the scales were gifts and that the money came from his used car business.

Appellant's former wife testified that she was aware appellant smoked marijuana and sometimes laced it with cocaine, but that she had never known him to sell any controlled substances to anybody, either before or after his arrest. She testified that the money seized by the officers came from a car sale; that appellant had been collecting money from cars to go to an auction in Little Rock the following week; and that he normally kept his money at home.

The appellant argues that the evidence could have supported a conviction for possession of cocaine, but not for possession with intent to deliver. Intent, or state of mind, is not subject to direct proof but must be inferred. We think there was sufficient evidence for the jury to make that inference in this case. The amount involved, 2.1547 grams of pure cocaine, was evidence which the jury could properly consider in determining the purpose or intent with which it was possessed and, in keeping with Arkansas Model Criminal Instruction 3307, the jury was so instructed. Other

evidence seized in appellant's home, from which the jury could reasonably infer the requisite intent, included the large amount of money in a variety of denominations and the scales calibrated in grams.

It is settled that purpose can be established by circumstantial evidence, and often this is the only type of evidence available to show intent. *Washington* v. *State*, 268 Ark. 1117, 1120, 599 S.W.2d 408 (Ark. App. 1980). However, as *Washington* says, the circumstances established by the evidence must be such that the requisite purpose of the accused can reasonably be inferred, and the evidence must be consistent with guilt of the accused and inconsistent with any other reasonable conclusion. The jury was so instructed in this case and the appellant contends that his evidence provided the jury with just such a reasonable alternate conclusion, and that the jury could not, under the law and the instructions, find him guilty of possessing the contraband with the intent to deliver it, based on the circumstantial evidence in this case.

The jury is not required, however, to believe the testimony of any witness, and especially not that of the accused who is certainly interested in the outcome of the trial. *Core* v. *State*, 265 Ark. 409, 578 S.W.2d 581 (1979). It was the jury's prerogative, as the trier of fact, to evaluate the evidence and draw its own inferences as to why appellant had the cocaine in his possession. *Milburn* v. *State*, 260 Ark. 553, 542 S.W.2d 490 (1976). In *Caradine* v. *State*, 189 Ark. 771, 75 S.W.2d 671 (1934), the court said:

> [T]here is no difference in the effect between circumstantial evidence and direct evidence. In either case it is a question for the jury to determine, and, if the jury believes from the circumstances introduced in evidence beyond a reasonable doubt that the defendant is guilty, it is the duty of the jury to find him guilty, just as it would if the evidence was direct.

In this case, the jury found appellant guilty of possession with intent to deliver. We cannot say the evidence was insufficient to support the verdict.

Appellant's second point argues that the evidence seized should have been suppressed because the nighttime search was in violation of the Arkansas Rules of Criminal Procedure.

The pertinent part of the affidavit upon which the search warrant was issued reads as follows:

That a confidential informant who has furnished reliable information in the past which led to the location of a fugitive felon, and who has, in the past, purchased illegal drugs from Charles Lewis at 406 West 3rd St., Smackover, Ark., furnished information that during March, 1980, he observed Charles Lewis sell marijuana and cocaine, and that Charles Lewis had secured the drugs from a back room of that residence.

. . . .

The informant stated that many sales take place at night and a night search may be more successful.

Our Criminal Procedure Rule 13.2 (c) provides:

(c) Except as hereafter provided, the search warrant shall provide that it be executed between the hours of six a.m. and eight p.m., and within a reasonable time, not to exceed sixty (60) days. Upon a finding by the issuing judicial officer of reasonable cause to believe that:

. . . .

(iii) the warrant can only be safely or successfully executed at nighttime or under circumstances the occurrence of which is difficult to predict with accuracy;

the issuing judicial officer may, by appropriate provision in the warrant, authorize its execution at any time, day or night, and within a reasonable time not to exceed sixty (60) days from the date of issuance.

Appellant's only argument on this point is based on the very narrow contention that the affidavit did not state that the warrant could be safely or successfully executed *only* at nighttime. First, we note that Criminal Procedure Rule 16.2 (e) provides that a motion to suppress shall be granted only if the court finds that a violation is substantial or it is otherwise required by the United States or Arkansas Constitutions. Both constitutions prohibit unreasonable searches and seizures and it has been pointed out that affidavits for search warrants should be tested and interpreted in a commonsense and realistic fashion under both of them. *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977). Also, appellant's argument overlooks the other part of Rule 13.2 (c) (iii) which provides that a nighttime search may be authorized if the warrant can be safely or successfully executed only under circumstances the occurrence of which is difficult to predict with accuracy.

Considered in the light of the above, we find that the trial court's ruling on the motion to suppress should be sustained. As in *Blankenship* v. *State*, 258 Ark. 535, 527 S.W.2d 636 (1975), we accord some weight to the decision of the judicial officer who issued the warrant and from the language of the affidavit we find that he could have reasonably believed that the occurrence of daytime sales were so difficult to predict that the warrant could be successfully executed only at nighttime when many sales take place and when supplies are likely to be present in the back room of appellant's residence.

No argument is made here as in *State* v. *Broadway*, 269 Ark. 215, 599 S.W.2d 721 (1980), that the language of the affidavit was so conclusory that the judicial officer could not make an independent and neutral determination of reasonable cause for the issuance of the warrant. We think, however, that the language here is no more conclusory than the officer's statement that "evidence of the crimes might be disposed of" which was approved in *Harris* v. *State*, 262 Ark. 506, 509, 558 S.W.2d 143 (1977). There the court found no substantial violation of Harris' rights and we find no substantial violation of the appellant's rights here.

Affirmed.