Ricco GREER *v.* STATE of Arkansas

CA CR 01-1033                                        72 S.W.3d 893

Court of Appeals of Arkansas
Division III
Opinion delivered April 17, 2002

*William R. Simpson, Jr.*, Public Defender; *Sandra S. Cordi*, Deputy Public Defender; by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On September 6, 2000, Ricco Greer took his mother's car from their home in North Little Rock without her permission. She called the police the next morning. They responded promptly and shortly found Greer and the car. Greer was charged with felony theft and, after a bench trial, was found guilty. He was sentenced as an habitual offender to a term of seven years' imprisonment.

On appeal, Greer's sole contention is that the court's decision is not supported by substantial evidence. He asks us to reduce his conviction to unauthorized use of a motor vehicle, a class A misdemeanor under Ark. Code Ann. § 5-36-108 (Repl. 1997). We agree that the decision of the circuit court should be affirmed as modified.

At trial three witnesses testified for the State; the defense called no witnesses. Appellant's mother, Delores Adkins, testified that she was at home on September 6, 2000, with another son, who was disabled. She went into the bathroom, having left the keys to her Oldsmobile on a table. When she came out, the keys to the car and the car itself were gone. She testified that she knew Greer had taken it because "he is the only one [who was] messing with the car." The next day she phoned the police to report her car had been stolen.

Mrs. Adkins testified that her son, Ricco Greer, lived with her at her house; that she let him drive her car "every now and then"; that he did not have permission to drive her car that day; that he knew he could not use that particular car because her daughter used it to go to work; and that she has a "habit" of calling the police if he does not return her car "on time." She said, "He just likes to go joy-ride."

North Little Rock police officer John Gravett testified that Mrs. Adkins told him her son had stolen her car. He immediately went to the Eastgate housing area and found the car. Mrs. Adkins then arrived and told Gravett she had seen Greer running toward their North Little Rock home. He was quickly apprehended.

Bill Elizandro, another officer, testified that he read Greer his *Miranda* rights. Officer Gravett then testified that Greer admitted to having taken the car and driven it.

Arkansas Code Annotated section 5-36-103(a)(1) provides:

(a) A person commits theft of property if he:

(1) Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof;

The word "deprive" is defined at Ark. Code Ann. § 5-36-101(4)(A) as "to withhold property or to cause it to be withheld either permanently or under circumstances such that a major part of its economic value, use, or benefit is appropriated to the actor or lost to the owner."

Arkansas Code Annotated § 5-36-108 provides that "a person commits unauthorized use of a vehicle if he knowingly takes, operates, or exercises control over another person's vehicle without consent of the owner." Unauthorized use is a class A misdemeanor. Historically, the "unauthorized use" statutes were passed to deal with the problem of "joy-riding," a phenomenon that apparently arose in the 1940's. *See In re Lakeysha P.*, 106 Md. App. 401, 665 A.2d 264 (1995). *See also Sullivant v. Pennsylvania Fire Ins. Co.*, 223 Ark. 721, 268 S.W.2d 372 (1954).

■ When the sufficiency of the evidence is challenged in a criminal case, we affirm if the verdict of the court or jury is supported by substantial evidence. The test is whether the evidence is "of sufficient force and character to compel reasonable minds to reach a conclusion beyond suspicion and conjecture." *Smith v. State*, 337 Ark. 239, 988 S.W.2d 492 (1999).

■ We defer to the trier of fact, here the circuit court, on questions of fact and, more specifically, on issues of the credibility of the witnesses. Even if the evidence is undisputed, as it is here, we defer to the trial court if different inferences might reasonably be drawn from the testimony of the witnesses. *Williams v. State*, 54 Ark. App. 271, 927 S.W.2d 812 (1996); *Lewis v. State*, 7 Ark.

App. 38, 644 S.W.2d 303 (1982); *Core v. State*, 265 Ark. 409, 578 S.W.2d 581 (1979).

Appellant's argument is that the evidence adduced at trial was insufficient to show that he intended to "deprive" his mother of her car within the meaning of the statute. Arkansas Code Annotated section 5-36-101(4)(A) states that "deprive" means "to withhold . . . permanently." Her testimony alone rebuts the State's contention that the defendant committed felony theft.

■ We acknowledge the decisions in *Moore v. State*, 299 Ark. 532, 773 S.W.2d 834 (1989) and *Hickson v. State*, 50 Ark. App. 185, 901 S.W.2d 868 (1995), both saying that the theft statute "makes no exceptions for temporary deprivation." We can only assume that in neither case did the defendant argue the definition of "deprive" as set forth in Ark. Code Ann. § 5-36-101(4)(A). We hold that on these facts the trial court's judgment was not supported by substantial evidence.

■ The only remaining question is the proper disposition of the appeal:

> [W]here the evidence presented is insufficient to sustain a conviction for a certain crime, but where there is sufficient evidence to sustain a conviction for a lesser included offense of that crime, this court may "reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense, fix it . . . at some intermediate point, remand the case to the trial court of the assessment of the penalty, or grant a new trial either absolutely or conditionally.

*Tigue v. State*, 319 Ark. 147, 889 S.W.2d 760 (1994).

■ We agree with appellant that his conviction should be reduced to unauthorized use of a motor vehicle, a class A misdemeanor, and set his punishment at one year in the Pulaski County Jail.

Affirmed as modified.

HART and NEAL, JJ., agree.